UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EFRAIN NEGRON,

    Plaintiff,

v.                                       CASE NO.  8:15-cv-1526-MSS-TBM

REGIONAL TRANSPORT, INC.,

    Defendant.
_____/

**<u>UNOPPOSED MOTION TO CONDUCT SETTLEMENT CONFERENCE
TELEPHONICALLY AND INCORPORATED MEMORANDUM OF LAW</u>**

Defendant, REGIONAL TRANSPORT, INC., by and through its undersigned counsel, files this Unopposed Motion to Conduct Settlement Conference Telephonically, and in support states:

1.    This Court entered an FLSA Scheduling Order ("Scheduling Order") dated July 2, 2015 [Doc. 5].

2.    The Scheduling Order requires the parties to meet and confer in person in a good faith effort to resolve this matter ("settlement conference").

3.    In light of the inefficiencies and unnecessary costs that would present, Defendant seeks permission to conduct the settlement conference via telephone. Specifically, Defendant's counsel's office is located in Fort Myers and Plaintiff's counsel's office is located in Tampa, thus Defendant's counsel would have to travel several hours and incur significant attorney's fees to attend the settlement conference in person, rather than via telephone. According to Plaintiff's Verified Answers to Court Interrogatories [Doc. 10], Plaintiff's back wage claim in this FLSA matter is only $1,687.00 (exclusive of liquidated damages, costs, and fees), so the significant

additional cost and time is not warranted in this case. Defendant's counsel will have full authority to settle this matter by telephone, just as if the conference were held in person.

WHEREFORE, Defendant prays that this Court will enter an order granting its counsel permission to appear telephonically for the FLSA settlement conference, and granting any other relief the Court deems just.

## MEMORANDUM OF LAW

Rule 1, Federal Rules of Civil Procedure requires the rules to be construed and administered "to secure the just, speedy, and inexpensive determination of every action." Likewise, Local Rule 3.03(f) suggests the parties utilize "technology" . . . in all phases of litigation." Allowing the parties to meet telephonically will allow for a quicker and more efficient means to resolve this matter. Respectfully, for the same reason other courts within the Middle District routinely grant similar motions for telephone appearance, this Court should likewise grant this Motion and permit the parties to conduct the settlement conference telephonically.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court permit the parties to meet telephonically for the settlement conference.

## Certification under Local Rule 3.01(g)

Defendant's counsel has conferred with Plaintiff's counsel, Tony Cabassa, Esq., who indicated the Plaintiff does not oppose the relief requested.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the  29th  day of July, 2015 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Luis A. Cabassa, Esq., Wenzel Fenton Cabassa, P.A., 1110 North Florida Ave., Suite 300, Tampa, FL  33602.

        HENDERSON, FRANKLIN, STARNES & HOLT, P.A.
        Attorneys for Defendant
        P.O. Box 280
        Fort Myers, Florida 33902-0280
        Phone No. (239) 344-1403
        Fax No. (239) 344-1545
        E-mail: suzanne.boy@henlaw.com


        By:   s/Suzanne M. Boy
              Suzanne M. Boy
              Florida Bar No. 0035400